

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 20 2012 ★
BROOKLYN OFFICE

NO SUMMONS ISSUED
COGAN, J.

---

BORIS SIGALOV on behalf of himself and
all other similarly situated consumers

  Plaintiff,

-against-

KATZMAN GARFINKEL & BERGER ASSOCIATES

  Defendant.

---

**CLASS ACTION COMPLAINT**

*Introduction*

1.  Plaintiff Boris Sigalov seeks redress for the illegal practices of Katzman Garfinkel & Berger Associates in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA").

*Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Margate, Florida.

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### *Allegations Particular to Boris Sigalov*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 15, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes. Said letter stated as follows:

> "This law firm has been retained by the above referenced community to collect on your delinquent account with the association. The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless the amount of S18,442.34 is received by the firm no later than thirty (30) days from your receipt of this letter. This amount represents your delinquent balance of $17,718.09, as well as a $731.25 attorney's collection fee. Make your check or money order payable to Katzman, Garfinkel & Berger, Trust Account and send it to the address listed above. You should send all future payments directly to this firm until your delinquent account is paid in full. Failure to fully comply with this demand may result in the acceleration of assessments, or installments thereof, if provided for in the association's governing documents.
>
> Unless, within thirty (30) days of your receipt of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this firm shall assume the debt is valid. If you notify this firm in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this firm shall obtain written verification of the debt from the association and mail same to you. This law firm is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information

obtained will be used for that purpose. If you previously received a discharge in bankruptcy, the association seeks only to enforce its remedies with regards to any pre-petition assessments. This firm will not seek a personal judgment against you for any assessments which came due prior to the date any such bankruptcy petition was filed. Upon this firm's receipt of the total amount stated above within the time period stated herein, your account for assessments, shall be brought current through March 15, 2012".

12. Section 1692g of the FDCPA requires the Defendant to give the Plaintiff an effective validation notice in writing within five days of the Defendant's first communication to the Plaintiff. A proper validation notice under 15 U.S.C. § 1692g(a)(3) informs the Plaintiffs that they have thirty days from their receipt of the communication to request, in writing, that the Defendant provide them with proof of the alleged debt's validity. ~~See: Owens v. Hellmuth & Johnson, P.L.L.C., 550 F. Supp. 2d 1060 (D. Minn. 2008) (Law firm collecting for homeowners association was a debt collector where it sought payment of dues that ultimately could be enforced by a lien. Demand for payment within thirty days overshadowed its validation notice and dispute rights where it did not include additional explanatory language that the demand did not override the consumer's dispute rights. Whether the language overshadowed the dispute right is a question of law for the court.)~~

13. Language in the said letter overshadows and contradicts the Plaintiff's thirty day validation rights under the Act by stating "The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless

-4-

the amount of $18,442.34 is received by the firm no later than thirty (30) days from your receipt of this letter."

14. In addition, the language in the letter contradicts and overshadows the Plaintiff's validation rights because it demands him to pay the debt within thirty (30) days from the receipt of the letter, when the Plaintiff is entitled to dispute the debt within thirty (30) days of his receipt of the letter under 15 U.S.C. § 1692g.

15. In addition, the notice of the acceleration of the Plaintiff's annual assessment and additional attorneys' fees if payment is not received within thirty (30) days of the date of the letter overshadows and eliminates the Plaintiff's validation rights.

16. Defendant's violation of 15 U.S.C. § 1692g of the FDCPA renders it liable for damages, costs and attorneys' fees. *See:* 15 U.S.C. § 1692k.

~~15 U.S.C. § 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."~~

~~15 U.S.C. § 1692g(b) further states "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt. Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a 'validation notice' with the initial dunning letter (or within 5 days thereafter)." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060, 1064 (D. Minn. 2008) (One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights."); Swanson v.~~

Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702) (However, if the consumer fails to contact the debt collector within 30 days, these rights are lost forever. *Id.* It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights. Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least sophisticated debtor and encourages him to disregard his rights.) Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir.1997); Voris v. Resurgent Capital Services, L.P., 494 F. Supp. 2d 1156,1163 (S.D.Cal. 2007); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) (A notice is overshadowing or contradictory if a least sophisticated consumer would be confused as to the consumer's rights. Thus, it makes sense that under the FDCPA, notice of the thirty-day validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a). A debt collector must "effectively convey" the notice to the debtor.); Smith v. Computer Credit, Inc., 167 F. 3d 1052, 1054 (6th Cir. 1999) (To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard.); Clark Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006) (The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Smith,167 F.3d at 1054,

quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988)); *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998) (Defendant's demand for immediate payment alone does not eliminate right to validate. Defendant's violation of the FDCPA "consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt."); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010) (The § 1692g validation notice that the debt collector disclosed in its dunning letter was overshadowed by its service on the consumer later during the thirty-day validation period of its collection lawsuit since the collector failed to explain or clarify in either the dunning letter or "in a notice provided with the summons and complaint" that "commencement of the lawsuit has no effect on the information conveyed in the validation notice . . . Defendants did not have to serve [plaintiff] during the validation period; they could have waited until the validation period expired. It is difficult to discern what tactical advantage was gained by commencing a lawsuit when the validation period had only two weeks to run . . . Of course, debt collectors may continue collection activities, including commencing litigation, during the validation period; but in doing so the debt collector must not transgress § 1692g(b)'s proscription of collections activities that 'overshadow or . . . [are] inconsistent with' the validation notice . . . If the debt collector chooses not to wait until the end of the validation period to commence debt collection litigation, an explanation of the lawsuit's impact . . . be provided . . . the best practice is to provide an explanation in both the validation notice and the summons and complaint.");

-7-

*Jacobson v. Healthcare Fin. Serv., Inc.*, 516 F.3d 85 (2d Cir. 2008) (Language unlawfully overshadowed or contradicted the debt validation rights notice when it would make the least sophisticated consumer uncertain as to her rights, regardless of whether the plaintiff was actually confused. The 2006 amendment to § 1692g(b) provided: "[The debt collector] . . . has the obligation, not just to convey the information, but to convey it clearly . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Congress "codified" the overshadowing / contradiction doctrine as it had been developed over the years by the courts. The initial dun at issue was not inconsistent with and did not overshadow the validation notice because it clearly and prominently explained that the consumer could dispute the debt notwithstanding its demand for payment and thus "even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum." The omission of the starting date of the thirty-day validation period in one portion of the dun and the resulting ambiguity were sufficiently clarified by the validation notice's explicit statement elsewhere in the dun that the period began upon receipt of the notice. The collector contradicted the validation disclosure when it stated that the dispute must be "received" within the thirty-day period, since § 1692g requires that the consumer only send a validation request within the thirty-day period.); *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2d Cir. 2001) (Debt collector's initial dun demanding payment or a "valid reason" for nonpayment was

-8-

~~unlawfully contradictory or confusing with regard to the § 1692g notice. Section 1692g allowed consumers to exercise the right to dispute the debt and seek validation whether or not they have a "valid reason" to do so.); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) (FDCPA was violated by a validation notice printed on the back of the collection letter which was contradicted and overshadowed by the warning on the front, which stated that the collection would be "posted on the consumer's files unless the consumer chose not to dispute the debt and paid it within ten days." The internal contradiction in the validation notice need not have been "threatening" to have violated the FDCPA. A notice is overshadowing or contradictory if the least sophisticated consumer would be confused as to the consumer's rights. A second collection notice demanding payment within five days, which was sent only twenty-five days from the first communication, violated §§ 1692g and 1692e(10).)~~

17. In this case, when confronted with Katzman Garfinkel & Berger's letter threatening to take any action to the fullest extent of the law and requesting payment in full to be remitted immediately, a demand for payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts § 1692g(a) and thus violates the Act. ~~See: U.S. v. National Financial Services, 98 F.3d 131, 139 (4th Cir.1996); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2nd Cir.1996); Miller v.Payco-General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir.1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1226 (9th Cir. 1988).~~

-9-

18. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

19. The said letter's statement of: "This amount represents your delinquent balance of $17,718.09, as well as a $731.25 attorney's collection fee." - constitutes a demand for unreasonably unfair attorney's fees.

20. Defendant's conduct was willful.

21. Defendant's conduct was an abuse of process.

22. Defendant sought to collect a financial obligation incurred for personal, family or household purposes.

23. The Defendant's conduct violates 15 U.S.C. §§ 1692, 1692e and 1692f.

    Section 1692e entitled "False or Misleading Representations" provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of -

    (A) the character, amount, or legal status of a debt.

    The use of any false representation or deceptive means to collect or attempt to collect any debt.

    Section 1692f entitled Unfair Practices provides:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the

-10-

following conduct is a violation of this section:

(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*See:* McCollough v. Johnson, Rodenberg & Lauinger, 587 F. Supp. 2d 1170 (D. Mont. 2008) (The Defendant's collection attorneys violated § 1692e(2)(B) by requesting in the state court collection complaint attorney fees to which it was not entitled under applicable state law.); McCollough v. Johnson, Rodenburg & Lauinger, 2009 WL 2476543 (D. Mont. June 3, 2009) (Following a Plaintiff's jury verdict that awarded $250,000 in compensatory damages for the abuse of process, $1000 FDCPA statutory damages, and $60,000 in abuse of process punitive damages, the court awarded attorney fees in the full amount requested of over $93,000, commenting, inter alia, that the litigation "confers a meaningful public benefit by discouraging illegal debt collection" in the state.); McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. Mont. 2011) (Affirming the jury verdict of $408,770.17 and affirming summary judgment on the claim of illegal debt collection by requesting attorney fees in the state court collection complaint); Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C., 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005) (Where the contract allowed for reasonable attorney fees, defendant's claim to a percentage attorney fee violated §§ 1692e (2), (10), and 1692f(1). And the court determined that "it would take a leap of logic" to find that the plaintiff agreed to a percentage of the principal debt as attorney fees in the event she defaulted. A

reasonable attorney fee always requires a court determination.); Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349; Stolicker v. Muller, Muller, Richmond, Harms, Myers, Sgroi, P.C., 2006 WL 3386546 (W.D. Mich. Nov. 22, 2006) (Pursuant to § 1692k(a), members of a class action may recover actual damages without any cap.); Kojetin v. C U Recovery, Inc., 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999) (The FDCPA would provide little protection to a debtor . . . if, in agreeing to pay 'reasonable collection costs,' a debtor was held to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender."); Kojetin v. C.U. Recovery, Inc., 1999 U.S. Dist. LEXIS 1745 (8th Cir. 2000) (The agreement between the debt collector and the creditor allowed the debt collector to charge the consumer a 15% collection fee. The agreement between the consumer and the creditor, however, only allowed "reasonable attorney's fees and costs incident to collection." The court found that seeking the 15% fee, which was not expressly authorized by the consumer, violated § 1692f, and constituted the type of false and misleading representation of the type that the FDCPA was designed to foreclose.); Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814 (W.D. Mich.2008) (The consumer's agreement to pay "collection costs and expenses incurred" is not an agreement to pay a collection agency's maximum potential commission based upon percentage of the unpaid balance and violated § 1692f(1), 1692e(2)(A), and 1692e(2)(B); Pettway v. Harmon Law Offices, P.C., 2005 WL 2365331 (D. Mass. Sept. 27, 2005) (Class certification was granted in an FDCPA action alleging that attorney fees were overstated and that attorney fees which were overstated was false

-12-

and deceptive.); Daniels v. Davis Davis Attys., P.C., 2011 Pa. Dist. & Cnty. Dec. LEXIS 40, 18-19 (Pa. County Ct. 2011) (The Court stated that the FDCPA would provide little protection to a debtor if, in agreeing to pay "reasonable collection costs," a debtor was held to have agreed to pay whatever percentage fee a debt collection attorney happened to charge. The Court held that to allow a creditor and its collection attorney, independent of the debtor, to determine what they believed was a reasonable attorney fee and then request that amount in a suit to collect the debt would alter the contract signed by the debtor. More importantly, the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of §1692e(2)(A) and 1692e(2)(B).

24. By its conduct, Katzman Garfinkel & Berger violated the above cited provisions of the statute because Katzman Garfinkel & Berger included a $731.25 attorney's collection fee in the said May 15, 2012 letter.

25. By attempting to collect attorney's fees to which it was not entitled, Katzman Garfinkel & Berger violated the above cited provisions of the statute because it contained unreasonable attorney's fees.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

26. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of Plaintiff and the members of a class.

28. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint concerning Two Midtown Miami Condominium Association, Inc.: (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered: and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, 1692g, 1692e, 1692f and 1692k.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the best interest(s) of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection letters such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

34. Defendant's violation of the Fair Debt Collection Practices Act entitles the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a judgment in Plaintiff's favor as against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
August 10, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.