UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BORIS SIGALOV on behalf of himself and
all other similarly situated consumers

**AMENDED
CLASS ACTION
COMPLAINT**

Plaintiff,

-against-

**INDEX#
12-004171**

KATZMAN GARFINKEL & BERGER

Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Boris Sigalov seeks redress for the illegal practices of Katzman Garfinkel &
    Berger in which they unlawfully engaged in the collection of consumer debts in
    violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*
    ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the
    FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a
    consumer debt.

-1-

5.   Upon information and belief, Defendant's principal place of business is located within Margate, Florida.

6.   Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7.   Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### *Allegations Particular to Boris Sigalov*

10.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.   On or about March 15, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.  Said letter stated as follows:

> "This law firm has been retained by the above referenced community to collect on your delinquent account with the association. The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless the amount of $18,449.34 is received by the

firm no later than thirty (30) days from your receipt of this letter. This amount represents your delinquent balance of $17,718.09, as well as a $731.25 attorney's collection fee. Make your check or money order payable to Katzman, Garfinkel & Berger, Trust Account and send it to the address listed above.  You should send all future payments directly to this firm until your delinquent account is paid in full. Failure to fully comply with this demand may result in the acceleration of assessments, or installments thereof, if provided for in the association's governing documents.  Unless, within thirty (30) days of your receipt of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this firm shall assume the debt is valid. If you notify this firm in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this firm shall obtain written verification of the debt from the association and mail same to you. This law firm is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose. If you previously received a discharge in bankruptcy, the association seeks only to enforce its remedies with regards to any pre-petition assessments. This firm will not seek a personal judgment against you for any assessments which came due prior to the date any such bankruptcy petition was filed. Upon this firm's receipt of the total amount stated above within the time period stated herein, your account for assessments, shall be brought current through March 15, 2012".

-3-

12.     15 U.S.C. § 1692g of the FDCPA requires the Defendant to give the Plaintiff an
        effective validation notice in writing within five days of the Defendant's first
        communication to the Plaintiff.  A proper validation notice under 15 U.S.C. §
        1692g(a)(3) informs the Plaintiffs that they have thirty days from their receipt of the
        communication to request, in writing, that the Defendant provide them with proof of
        the alleged debt's validity.

13.     Language in the said letter overshadows and contradicts the Plaintiff's thirty day
        validation rights under the Act by stating "The association will file a Claim of Lien
        against the above described unit for failure to timely pay association assessments unless
        the amount of $18,442.34 is received by the firm no later than thirty (30) days from
        your receipt of this letter."

14.     In addition, the language in the letter contradicts and overshadows the Plaintiff's
        validation rights because it demands him to pay the debt within thirty (30) days from
        the receipt of the letter, when the Plaintiff is entitled to dispute the debt within thirty
        (30) days of his receipt of the letter under 15 U.S.C. § 1692g.

15.     Defendant's violation of 15 U.S.C. § 1692g of the FDCPA renders it liable for
        damages, costs and attorneys' fees.  *See:* 15 U.S.C. § 1692k.

16.     In this case, when confronted with Katzman Garfinkel & Berger's letter threatening
        "The association will file a Claim of Lien against the above described unit for failure to
        timely pay association assessments unless the amount of $18,442.34 is received by the
        firm no later than thirty (30) days from your receipt of this letter."  A demand for

-4-

payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts and overshadows § 1692g(a) and thus violates the Act.

17.   Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

18.   The said letter's statement of: "This amount represents your delinquent balance of $17,718.09, as well as a $731.25 attorney's collection fee." - constitutes a demand for unreasonably unfair attorney's fees.

19.   Defendant's conduct was willful.

20.   Defendant's conduct was an abuse of process.

21.   Defendant sought to collect a financial obligation incurred for personal, family or household purposes.

22.   The Defendant's conduct violates 15 U.S.C. §§ 1692, 1692e and 1692f.

23.   By its conduct, Katzman Garfinkel & Berger violated the above cited provisions of the statute because Katzman Garfinkel & Berger included a $731.25 attorney's collection fee in the said May 15, 2012 letter.

24.   By attempting to collect attorney's fees to which it was not entitled, Katzman Garfinkel & Berger violated the above cited provisions of the statute because it contained unreasonable attorney's fees.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

25. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty four (24) as if set forth fully in this cause of action.

26. This cause of action is brought on behalf of Plaintiff and the members of a class.

27. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered: and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, 1692g, 1692e, 1692f and 1692k.

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

29.     A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  15 U.S.C. § 1692(k).  The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the best interest(s) of judicial economy.

30.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.     Collection letters such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

32.     The Defendant's actions as set forth above in the within complaint violate the Fair

Debt Collection Practices Act.

33.     Defendant's violation of the Fair Debt Collection Practices Act entitles the members

of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a judgment in Plaintiff's favor as

against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

1692(k); and

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action;

and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
       September 28, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.

-8-

P.O. Box 935087
Margate, Florida 33093-8884
T | 954.486.7808  F | 954.486.7782



March 15, 2012

71 0258 6519 2001 1844 97

71 0258 6519 2001 1844 80

**Sent Via Certified Mail Return Receipt Requested and First Class Mail**

Boris Sigalov
24 Devens Street
Staten Island NY 10314

Boris Sigalov
3470 East Coast Avenue #H-2302
Miami, FL 33137

**RE:** ***Two Midtown Miami Condominium Association, Inc.: Account #00124-5835***
***Unit Owner(s): Boris Sigalov***
***Unit Address: 3470 East Coast Avenue #H-2302, Miami, FL   33137***
***Reference No.: 35478-186***

Dear Boris Sigalov:

This law firm has been retained by the above referenced community to collect on your delinquent account with the association. The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless the amount of **$18,449.34** is received by the firm no later than **thirty (30)** days from your receipt of this letter. This amount represents your delinquent balance of **$17,718.09**, as well as a **$731.25** attorney's collection fee. *Make your check or money order payable to: Katzman Garfinkel & Berger, Trust Account* and send it to the address listed above.

You should send all future payments directly to this firm until your delinquent account is paid in full. Failure to fully comply with this demand may result in the acceleration of assessments, or installments thereof, if provided for in the association's governing documents.

**Unless, within thirty (30) days of your receipt of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this firm shall assume the debt is valid. If you notify this firm in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this firm shall obtain written verification of the debt from the association and mail same to you. This law firm is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose.**

Please note: Naples, St. Augustine and Boynton Beach locations are satellite offices (by appointment only)

If you previously received a discharge in bankruptcy, the association seeks only to enforce its in rem remedies with regards to any pre-petition assessments. This firm will not seek a personal judgment against you for any assessments which came due prior to the date any such bankruptcy petition was filed.

Upon this firm's receipt of the total amount stated above within the time period stated herein, your account for assessments, shall be brought current through **March 15, 2012.**

KATZMAN GARFINKEL & BERGER

Sheree A. Edwards, Esquire
For the Firm

SAE: mmd
cc: Community Association Manager
Boris Sigalov 24 Devens Street, Staten Island NY 10314
Boris Sigalov 3470 East Coast Avenue #H-2302, Miami, FL 33137