# MAXIM MAXIMOV, LLP
## ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

October 7, 2012

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   RE:   **Sigalov v. Katzman Garfinkel & Berger**
>   **United States District Court, Eastern District of New York**
>   **Docket Number – 1:12-cv-04171-BMC**

Dear Judge Cogan:

As per Your Honor's Scheduling Order, the parties submit the current correspondence which provides a description of both Plaintiff's allegations and Defendant's defenses regarding the above-referenced matter in advance of the Initial Status Conference for this matter which is scheduled for October 12, 2012 at 11:30 a.m.

**BY PLAINTIFF:**

It is Plaintiff Boris Sigalov's contention that Katzman Garfinkel & Berger violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") in its March 15, 2012, collection letter by demanding payment or action by the consumer within a time less than the disclosed thirty-day validation period which contradicts and overshadows § 1692g(a) and thus violates the Act. Specifically Plaintiff claims that Language in the said letter overshadows and contradicts the Plaintiff's thirty day validation rights under the Act by stating "The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless the amount of $18,442.34 is received by the firm no later than thirty (30) days from your receipt of this letter."

The letter contradicts and overshadows the Plaintiff's validation rights because it demands him to pay the debt within thirty (30) days from the receipt of the letter, when the Plaintiff is entitled to dispute the debt within thirty (30) days of his receipt of the letter under 15 U.S.C. § 1692g.

Furthermore the notice states "The association will file a Claim of Lien against the above described unit for failure to timely pay association assessments unless the amount of $18,442.34 is **received by the firm no later than thirty (30) days** from your receipt of this letter." (Emphasis added) Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline the said language, overshadowed that period by demanding that payment be received within thirty days.

Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

In <u>Jacobson v. Healthcare Fin. Servs.</u>, 516 F.3d 85, 2008 U.S. App. LEXIS 3144 (2d Cir. N.Y. 2008), the United States Court of Appeals for the Second Circuit ruled on this exact issue. The court agreed with the seventh Circuit and with Judge Weinstein and stated:

"The two courts we have found that have considered this issue have resolved it in favor of the consumer, holding that the debt collector must give the recipient notice that she has thirty days to mail the dispute notice. The Seventh Circuit reached that conclusion in Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997), where the collection letter stated that payment had to be received within the thirty-day period, "thus requiring plaintiff to mail the payment prior to the thirtieth day to comply." Id. at 519. On that basis, that Circuit found that the letter violated the FDCPA:

> **It is clear that Mr. Chauncey had the full thirty days to send his notification to defendant. Nothing in Section 1692g requires, and we have found no other court decision which has required, that the debt collector must receive notice of the dispute within thirty days as defendant insists. . . . If we were to hold that the validation request must be received by the thirtieth day, we would be rewriting Section 1692g, which we are not entitled to do. (emphasis added)**

More recently, Judge Weinstein, sitting in the same district in which this case was filed, followed Chauncey. Swift v. Maximus, Inc., No. 04-cv-216 (JBW), 2004 U.S. Dist. LEXIS 13190, 2004 WL 1576618, at *3-4

(E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline."In Chauncey and Swift, the debt collectors did not explicitly misstate the period for submitting a dispute notice. Their communications, however, overshadowed that period by demanding that payment be received within thirty days."

In fact since the United States Court of Appeals for the Second Circuit is controlling in this district the above cited case of <u>Jacobson v. Healthcare Fin. Servs.</u>, 516 F.3d 85, 2008 U.S. App. LEXIS 3144 (2d Cir. N.Y. 2008) will mandate summary judgment in favor of the plaintiff.

It is also plaintiff's contention since no material dispute of fact exists and as a matter of law <u>Jacobson v. Healthcare</u> mandates judgment in favor of the plaintiff, the court can *sua sponte* grant summary judgment in favor of the plaintiff See. <u>Ramsey v. Coughlin,</u> 94 F.3d 71, 74, 1996 U.S. App. LEXIS 22015 (2d Cir. N.Y. 1996) (The court stated "Where it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law.")

In addition in an effort to protect both the parties and the court from needless and costly litigation the court can *sua sponte* grant summary judgment even prior to class certification See. <u>Christensen v. Kiewit-Murdock Inv. Corp.</u>, 815 F.2d 206, 214, 1987 U.S. App. LEXIS 4000, 7 Fed. R. Serv. 3d (Callaghan) 592 (2d Cir. Conn. 1987) (The court stated "the procedure followed by the court was well within its discretion. E.g. ,"Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984) (district court had discretion to decide summary judgment motion before class certification motion so as "to protect both the parties and the court from needless and costly further litigation.")."

As such, it is Plaintiffs' position and the case law is clear that Katzman Garfinkel & Berger violated the FDCPA

**BY DEFENDANT:**

**FDCPA**

Katzman Garfinkel, P.A. d/b/a Katzman Garfinkel & Berger (KG&B) will assert procedural defenses that it is an improper party to the litigation because it has not been served with process and because the complaint does not name it as a defendant (instead naming an unknown and non-existent entity as the defendant).

To the extent KG&B is ultimately properly named as a defendant in the suit, it will take the position that the subject letter to Mr. Sigalov does not contain any language that is confusing, deceptive, or that makes any false or improper threats.

The subject letter seeks to collect unpaid monthly maintenance owed with respect to a condominium unit owned by Mr. Sigalov that is located in a Florida condominium association represented by KG&B.  The subject letter was sent by KGB on behalf of the Association as a statutory condition precedent to undertaking a lien foreclosure action under Florida law for the unpaid assessments. The letter, in fact, fully comports with Florida law (and the FDCPA.  The letter was sent to the property address in Florida and to a New York mailing address provided by Mr. Sigalov.

Mr. Sigalov never responded to the letter – either to pay the alleged delinquent balance, or to dispute the debt and seek verification.  A lien foreclosure action was ultimately filed by KG&B on behalf of the Association in the Florida State Court.  Mr. Sigalov failed to respond to allegations raised in the State Court, and is currently in default in that suit.  Instead of challenging the validity of the delinquent balance in the pending Florida lien foreclosure suit or raising other defenses in the Florida suit, he chose to assert baseless violations of the Fair Debt Collection Practices Act in a distant forum.

KG&B's legal position is that the FDCPA action filed by Mr. Sigalov fails to state a cause of action because:

- (1) Mr. Sigalov's allegations assert that the amount of attorneys' fees that KG&B sought in the subject letter is unreasonable. KG&B is contractually entitled to collect legal fees in this instance, and Mr. Sigalov does not dispute this contractual right. It is well settled that the issue of reasonableness of amount of attorneys' fees sought in a collection letter cannot violate the FDCPA as a matter of law where the debt collector has a contractual right to collect legal fees.

- (2) The subject collection letter does demand for payment in less than 30 days, as asserted in the Complaint.  In fact, the letter provides that a lien will be filed unless payment "is received by the firm no

later than thirty (30) days from your receipt of this letter." This actually traces the suggested language in the FDCPA, and is not a violation of that act.  The *Jacobson v. Healthcare Financial Services* case cited above by Mr. Sigalov is distinguishable, as the language contained in the letter assessed by that court demanded payment be received "within 30 days" without explaining when this period started to run.  The letter sent by KG&B actually expressly provides when the period begins to run through use of the within "from receipt of this letter."

(3) The language in the subject letter notifying Mr. Sigalov that a claim of lien will be filed for failure to pay delinquent assessments no later than 30 days after receipt of the letter does not, as a matter of law, overshadow or contradict the letter's validation notice.  The letter does not create uncertainty that would cause the least sophisticated consumer to reasonably misunderstand that he/she had the right to make payment or dispute the debt and seek verification within that time period.  In fact, Mr. Sigalov was not confused about his options, as he neither paid the amount owed as detailed in the letter nor communicated any dispute of the amount being sought.

It is KB&B's position that the complaint can be dismissed as a matter of law, or through summary judgment, and it intends to file motions in that regard.  KB&B objects to the notion that summary judgment can or should be granted on a *sua sponte* basis.